UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROYCE LEONARD,<br><br>    Petitioner,<br><br>  v.<br><br>RON DAVIS, Warden,<br><br>    Respondent. | No. 2:17-cv-0796 JAM AC DP<br><br><u>DEATH PENALTY CASE</u><br><br><br><u>ORDER</u> |

The Selection Board has recommended appointment of counsel for petitioner. Good cause appearing, IT IS HEREBY ORDERED as follows:

    1. The Federal Defender, 801 I St., Third Floor, Sacramento, CA 95814, and John R. Mills, 836 Harrison St., San Francisco, CA 94107, are appointed to represent petitioner pursuant to 18 U.S.C § 3599. <u>See</u> L.R. 191(c).

    2. On May 23, 2017, at 10:00 a.m., the undersigned will hold a case management conference. Petitioner's counsel shall appear in person and shall be prepared to discuss the due date for filing the federal habeas petition. Respondent's counsel shall be prepared to discuss setting a date for lodging the state court record as described in Local Rule 191(h)(1), as well as a date for filing the answer or other responsive pleading.

    3. At the conclusion of the case management conference, respondent's counsel will be excused and the conference will continue ex parte with counsel for petitioner present to discuss

1

budgeting procedures. Appendix A to this order is a description of those procedures. Petitioner's counsel shall bring to the budgeting conference a completed Case Evaluation Form and completed Rate Justification Worksheets for each attorney. The form and worksheet are attached hereto as Appendices B and C.

4. The Clerk of the Court is directed to file under seal the Selection Board's April 25, 2017 letter to the undersigned.

5. In addition to serving this order upon counsel, the Clerk is directed to serve it upon Kurt Heiser, CJA Administrator, Office of the Federal Defender for the Eastern District of California.

DATED: April 26, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

Counsel appointed pursuant to 18 U.S.C. § 3599 and Local Rule 191 to represent a condemned prisoner seeking relief under 28 U.S.C. § 2254 will be required to propose budgets for their time and expenses anticipated during each phase of the proceedings. Set out below are the procedures for proposing budgets and submitting vouchers for reimbursement.

## BUDGET PROCEDURES

1. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires petitioner to make a showing of the need for confidentiality. Since budget applications require disclosure of matters protected by the attorney-client or work-product privileges, the need for confidentiality is inherent in the budgeting process. See Fed. R. Civ. P. 26(b)(1) and (3). Accordingly, budget forms and supporting documentation will be filed under seal and not served on counsel for respondent. Counsel shall submit budget-related filings by e-mailing them to the court's "Approved Sealed" e-mail address, ApprovedSealed@caed.uscourts.gov. The provisions of Local Rule 141 regarding the process for filing documents under seal are suspended with respect to budgeting in capital habeas cases. Any ex parte court proceeding regarding funding will be reported and maintained under seal.

2. A proposed budget should reflect the total attorney time required, including time for budget preparation, as well as the time for paralegals, investigators and experts, if applicable, and any anticipated travel or other expenses. Voucher preparation, however, is considered part of overhead and not reimbursable. In preparing a budget, counsel shall refer to the Ninth Circuit Judicial Council's costs policies for capital habeas cases. Current cost policies are available on this court's website at www.caed.uscourts.gov, under Forms, CJA Capital Habeas Forms.

3. In support of the proposed budget for each phase, counsel shall file informative declaration(s) which explain and/or justify the hours, tasks, and expenses sought. Counsel shall include any information that will assist the court in determining the reasonableness of the budget request. If petitioner is represented by two attorneys, counsel shall explain how the work will be

divided between them. The supporting documentation should be captioned and filed under seal in a complete application, including explanatory remarks, declarations, and exhibits. All supporting declarations must be properly subscribed pursuant to 28 U.S.C. § 1746.

4. Counsel are expected to utilize all reasonable means to minimize costs, to tier staff responsibilities to lower-rate personnel whenever practical, and to utilize paralegals and law clerks to complete tasks for which attorney expertise is not required.

5. Requests in the budget for investigative and/or expert assistance should be detailed and present the factual basis to support the request. Prior to approval, the court must find that the requested expert or investigative assistance is "reasonably necessary for the representation of the defendant." 18 U.S.C. § 3599(f). Information which should be included in the supporting declaration to assist the court includes, but is not limited to, a specification of: (1) the evidence sought to be uncovered; (2) facts suggesting that such investigation, expert service, or other assistance is warranted; (3) whether the evidence existed at the time of the state trial; (4) whether similar assistance was provided or requested in state court; (5) the purpose of the evidence on federal habeas, that is, the connection of the evidence sought to be uncovered to a prospective claim or contention that will be raised in the federal petition; (6) the name of the expert or investigator; and (7) the proposed billing rate and the reasonableness of the rate. Presumptive rates contained in the Ninth Circuit Capital Habeas Costs Policy will apply to all experts, investigators, and paralegals.

6. The approved budget for each phase will be one sum for attorney time and one sum for expenses. In addition, each expert and investigator's time will be a separate budget figure. Counsel generally will not be allowed to exceed the authorized budget during any phase without first seeking prior approval, or amendment to the budget, and explaining why additional funds are required. Failing to obtain approval to amend the budget could result in the denial of unauthorized or excessive expenditures.

7. The budget for each phase will be closed out when the work for that phase is completed. Hours and expenditures will not be carried over to the next phase. Rather, a new budget for each succeeding phase must be proposed by counsel and approved by the court. As

the case progresses through each case management phase, counsel are responsible for ensuring that the case is litigated within the established budget.

8. Any budget approved by the district court must also be approved by the Judicial Council of the Ninth Circuit. Counsel are authorized to proceed based upon the initial budget approved by the district court and will be contacted should any further clarification, information, or action be requested by the Judicial Council.

## APPROVED COMPENSATION

1. Work inherently necessary to practice and remain current in the area of federal habeas law, which is not directly attributable to a particular case, including the review and analysis of new cases, is considered general overhead, and is not reimbursable.

2. The court will not approve compensation for administrative services, such as secretarial services, preparation of payment vouchers, or communications with court staff.

3. Unless a contrary need is demonstrated, the court will compensate only one attorney for physical attendance at court hearings. Upon sufficient justification, the court may authorize compensation for up to two members of counsel's legal staff at a time for visits to petitioner and witness interviews. Counsel who reside outside the Sacramento area will typically make court appearances by telephone unless they have requested, and been approved, for travel to Sacramento.

4. The court will not approve compensation for work performed on appellate proceedings (whether from interlocutory orders or final judgments). Counsel shall seek compensation for work performed at the appellate level from the Court of Appeals after having obtained an appointment from that court.

5. The court will compensate counsel for professional time spent in airport (or other common carrier) terminals and as a passenger on common carriers only when counsel is performing substantive tasks on the case that can be billed to a professional time category. Terminal processing time as well as driving time will be compensated at the maximum rate of $100 per hour. In light of the public service nature of CJA appointments together with the fact that public rather than private funds are being utilized, the travel reimbursement set forth in this

paragraph will be applied.

## APPROVED EXPENSES

1. The court will authorize payment for miscellaneous expenses reasonably incurred and subject to national and district policies and procedures. Copies of all bills and receipts must be submitted for reimbursement approval.

2. Mileage for case-related travel by privately owned (not rented) automobile may be claimed at the rate in effect for federal judicial employees, available from the CJA Administrator. Case-related parking fees and bridge/road tolls also are reimbursable. Counsel should assess whether case-related travel would be more cost effective by privately owned automobile or rented automobile.

3. Ground transportation other than by privately owned automobile will be reimbursed on an actual expense basis. Counsel should make every effort to obtain the lowest possible fares or rates.

4. Though travel expenses may be authorized in the budget, each time a member of petitioner's litigation team intends to travel by air, a Travel Request and Authorization Form must be authorized by the CJA Administrator and approved by the court, unless counsel can procure more economical travel arrangements on his or her own. Approval of a travel authorization form is the procedure by which government rates for travel are obtained; the form does not function as approval of travel expenses in excess of the budget. Should the authorized budget be insufficient for the anticipated costs of travel, counsel must seek modification of the budget from the court in addition to obtaining a travel authorization form from the CJA Administrator.

5. The Travel Request and Authorization Form enables CJA counsel to receive air travel at government rates paid directly from CJA funds. Counsel are expected to request authorization for air travel through the CJA Administrator in sufficient time to obtain low cost advance fare for air travel or to provide justification why an advance fare could not be obtained. In no case will counsel be reimbursed for first-class travel expenses. Counsel may make their own reservations for air travel and seek reimbursement on a CJA voucher, but reimbursement will be limited to the available government rates.

6. The court will approve reimbursement for actual food and lodging expenses for out of town travel on case-related business, subject to the maximum established area per diem rate. Current travel and subsistence allowances are available on the GSA website, www.gsa.gov, under Per Diem rates, or from the CJA Administrator.

7. Counsel will be reimbursed for the actual cost of case-related long-distance telephone calls. The court will not authorize payment for any surcharges or for general telephone service. Facsimile transmissions are reimbursable for the actual amount of the telephone charge.

8. Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying, up to a maximum of 10 cents per page. Counsel will be expected to send documents over 100 pages in length to an outside copying service, unless counsel's in-house photocopying is more economically efficient.

9. The court will authorize reimbursement for the actual cost of case-related regular U.S. postage. The court will approve reimbursement for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services. If counsel utilize expedited delivery services, a statement detailing the necessity of such delivery must be submitted with the itemized bill. Counsel are to make every effort to use regular U.S. mail and e-mail via the Internet whenever possible. The court may modify this rule if counsel make excessive use of costly overnight carriers.

10. The court will not reimburse counsel for the following expenditures:

a. General office overhead; including cellular telephone maintenance fees;

b. Books or other publications;

c. Flat-fee computer research plans

d. General law office supplies and equipment;

e. Travel, attendance, registration, or material costs related to educational seminars.

## VOUCHER PROCEDURES

1. All payment vouchers shall be submitted in the e-voucher format to CJA Administrator Kurt Heiser. Questions regarding the e-voucher system should be directed to Mr.

Heiser at (916) 498-5700 or kurt_heiser@fd.org.

2. All vouchers are reviewed for reasonableness. In addition, fees or expenses which exceed the authorized budget or the limits set forth herein are subject to reduction without further notice or explanation.

3. Counsel shall submit vouchers covering services from the commencement to the completion of each budgeted phase, on a monthly basis. Generally, vouchers should extend from the first to the last day of each month, except when combined attorney's fees and expenses total less than $1,000 for any given month. In that event, the fees and expenses for that month may be combined with the fees and expenses incurred the following month. If a budgeted phase commences mid-month, the voucher may extend to the end of the following month. Similarly, if the budgeted phase is completed mid-month, the voucher will extend to that date. All vouchers are to be submitted within the first ten days of the month following the last day of service reported. All fees and expenses for a particular time period should be submitted on the same voucher to the extent possible (e.g., travel and administrative expenses).

4. The court expects counsel to submit vouchers within 90 days of the services provided, absent prior arrangements made with the court for a later submission. Without prior court approval, vouchers will not be processed for services rendered more than one-year prior to the date of submission of the voucher.

5. Voucher timesheets shall specifically describe the work performed, the time allotted to each specific task, reported to one-tenth (.1) of an hour. Descriptions should not be vague or general. Each time entry shall reflect discrete, individual tasks and shall not simply list multiple tasks performed in a specified block of time. Information should be provided in sufficient detail so as to permit meaningful review, including: identification of individual witnesses interviewed; identification, by name or title, of persons involved in telephone conversations or conferences; specific topics researched; and identification of pleadings drafted or reviewed.

6. In the event that in-court transcripts of non-evidentiary hearings are requested by petitioner, petitioner's counsel should arrange with the court reporter(s) to bill the court directly

through the use of a CJA Form 24. Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

      7.      Services provided by counsel's non-attorney employees may be listed as an expense on counsel's CJA Form 30. Independent contractor paralegal services, like investigator and expert services, should be billed on a CJA Form 31. Petitioner's counsel shall adhere to these procedures and policies for the preparation of budgets for each phase of these proceedings and for the preparation and submission of all payment vouchers.

**APPENDIX B**

**CONFIDENTIAL CASE EVALUATION FORM**

*The answers to these questions are for case management and budgeting purposes only and will not be binding in any respect on substantive issues to be raised in the course of litigation.*

<u>**NAME OF ATTORNEY(S)**</u>

**Lead Counsel:**

**Co-Counsel:**

<u>**STATE LEVEL PROCEEDINGS**</u>

1. Did (or does) either lawyer represent the petitioner during any part of the state proceedings?

    ☐ No -- proceed to question 2.     ☐ Yes (indicate which lawyer)_____

    If yes, in what aspects of the case?

2. Was a state habeas petition involving the same judgment and sentence filed?

    ☐ No

    ☐ Yes      Date:_____      Disposition & Date:_____

3. Were funds requested at the state level for state post-conviction investigation?

    ☐ No

    ☐ Yes

| Purpose | Amount Requested | Amount Authorized |
|---|---|---|
| | | |

4. Was post-conviction discovery requested at the state level?

    ☐ No

    ☐ Yes

| Nature of Discovery Requested | Was it: Granted? | Denied? |
|---|---|---|
| | | |

5. Was an evidentiary hearing held at the state level?  ☐Yes   ☐No

## *STATUTE OF LIMITATIONS*

Based on current information, what is the date required by the statute of limitations for filing of the petition? _____

## *THE RECORD*

1. Has the record been assembled?  ☐ Yes  ☐ No: Location of state post-conviction record:_____

2. Have the files of prior counsel been obtained?  ☐ Yes  ☐ No

3. As accurately as possible (recognizing that it may be an estimate at this point), provide information about the size of the record:

| Type of Record | No. of Pages |
|---|---|
| Clerk's transcript | _____ |
| Reporter's transcript | _____ |
| Trial Exhibits | _____ |
| Appellate Pleadings | _____ |
| Post-conviction record (including pleadings & transcripts) | _____ |
| Ancillary files and records (including prior counsel's case files, investigative reports, etc.) | _____ |
| Total Pages | _____ |

# Appendix C

RATE JUSTIFICATION WORKSHEET

A. <u>Attorney Name and Address</u>: _____

_____


B. <u>Experience and Qualifications</u>:

Admitted to practice: _____ years.

Member of the bar of a federal district court or court of appeals: _____ years.

Primary area of practice: _____

Has previously represented a client in (check all that apply):

[ ] Direct appeal of a death sentence

[ ] State capital post-conviction proceeding

[ ] Direct appeal of a non-capital homicide conviction

[ ] Capital trial

[ ] Non-capital homicide trial

[ ] Other felony trial

[ ] Non-capital federal habeas corpus

[ ] Federal capital habeas proceeding

Number of clients previously represented in federal habeas actions: _____

Most recently authorized hourly rate in such a case: _____

Approximate hours spent in training programs on death penalty litigation and/or post-conviction representation: _____


C. <u>Other Relevant Information</u>:

D. <u>Rate Sought:</u> _____

For maximum allowable rates, counsel shall refer to the Ninth Circuit Judicial Council's costs policies for capital habeas cases. Current cost policies are available on this court's website at [www.caed.uscourts.gov,](http://www.caed.uscourts.gov) under Forms, CJA Capital Habeas Forms.