UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROYCE LEONARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS,<br><br>　　　　　Respondent. | No. 2:17-cv-0796 JAM AC DP<br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Introduction</u>

On March 13, 2019, the court held a hearing on respondent's motion to dismiss (ECF No. 51) and petitioner's motion to stay (ECF No. 49). Having considered the briefing of the parties, the arguments presented at the hearing, and the record of this case as a whole, the court finds as follows.

II. <u>Background and Procedural History</u>

Petitioner was sentenced to death in 1996 following his conviction of six counts of first-degree murder and two counts of robbery. ECF No. 44 at 30-31. On appeal, the California Supreme Court affirmed the judgment in its entirety. <u>People v. Leonard</u>, 40 Cal. 4th 1370 (2007) (ECF No. 30-9).

A state petition for writ of habeas corpus was filed on June 29, 2007 (ECF No. 30-22), and amended on March 22, 2010 (ECF No. 30-26). The California Supreme Court denied the

1

petition on March 29, 2017.  In re Leonard, No. S153974, 2017 Cal. LEXIS 2432 (Cal. Mar. 29, 2017) (ECF No. 31-25).

Proceedings in this case began on April 17, 2017 (ECF No. 1), and on March 28, 2018, petitioner filed his petition for writ of habeas corpus with this court (ECF No. 41).  On May 25, 2018, he filed an amended petition that added citations to the electronic record.  ECF No. 44.  The petition identifies twenty-seven claims for relief.  Id.

On November 29, 2018, respondent sought leave to file a motion to dismiss instead of an answer, and submitted a proposed motion to dismiss that identified six unexhausted claims.  ECF No. 45.  Petitioner subsequently filed a motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (1995), ECF No. 49, and a statement of non-opposition to the filing of the motion to dismiss, ECF No. 48.  Respondent's motion to dismiss was filed shortly thereafter.  ECF No. 51.

III.   Governing Legal Principles

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court.  28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary.  Rose v. Lundy, 455 U.S. 509, 515 (1982).  Exhaustion requires fair presentation of the substance of a federal claim to the state courts.  Picard v. Connor, 404 U.S. 270, 276, 278 (1971).

Federal district courts may not adjudicate petitions for habeas corpus which contain both exhausted and unexhausted claims.  Lundy, 455 U.S. at 518-19.  However, that does not mean a mixed petition must be dismissed.  District courts have the authority to issue stays to allow petitioners to return to state court to exhaust their state remedies where proper.  Rhines, 544 U.S. at 276.  After the enactment of the AEDPA and its creation of a one-year statute of limitations for filing federal habeas petitions in 1996, the Supreme Court recognized the procedural trap that is created by the total exhaustion rule.  "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."  Id. at 275.  To prevent that outcome in appropriate cases, the Court

2

held that a federal petition containing both exhausted and unexhausted claims may be stayed if (1) good cause exists for failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) the petitioner has not intentionally delayed pursuing the litigation. Id. at 277-78.

IV. Petitioner's Motion for Stay and Abeyance

The court first considers petitioner's motion, because if a stay is appropriate it will be unnecessary to resolve the parties' disputes about which claims are presently unexhausted. It is undisputed that petitioner failed to exhaust his state court remedies for Claims 9 and 18B and parts of Claims 6 and 7 (see ECF No. 51-1 at 2; ECF No. 53 at 8), making this a mixed petition regardless of the exhaustion status of other claims. Accordingly, a showing of good cause for a stay to permit exhaustion of any of these unexhausted claims will support a stay of these proceedings as a whole. See Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (to satisfy Rhines, petitioner "must establish that *at least one* of his unexhausted claims is not 'plainly meritless'") (emphasis added).

A. Petitioner Has Satisfied the *Rhines* Criteria Regarding Claim 9

Petitioner argues that he should be granted a stay because his failure to fully exhaust some of his claims was caused by the ineffective assistance of state habeas counsel. ECF No. 49 at 6. Specifically, petitioner points to prior counsel's alleged failure to fully investigate, develop, and raise the issue that is the subject of Claim 9: that he was intellectually disabled and therefore ineligible for execution under Atkins v. Virginia, 536 U.S. 304, 321 (2002). Id. Petitioner argues further that his claims generally, and Claim 9 specifically, are not plainly meritless and that there is no evidence that he has intentionally delayed in pursuing relief. Id. at 7-8. Although both parties agree Claim 9 is unexhausted (ECF No. 51-1 at 14-18; ECF No. 53 at 5-6), respondent contends that petitioner has not established good cause within the meaning of Rhines because state habeas counsel did fairly present an Atkins claim to the California Supreme Court (ECF No. 52 at 4). Respondent also argues that petitioner has failed to offer any evidentiary support for his allegations of ineffective assistance of counsel; he does not address petitioner's arguments relating to the merits of his unexhausted claims or the issue of intentional delay. Id. at 4-5.

3

### 1. Petitioner Has Demonstrated Good Cause for His Previous Failure to Exhaust

Because the Supreme Court emphasized that district courts should stay mixed petitions only in "limited circumstances," Rhines, 544 U.S. at 277, the Ninth Circuit has rejected a "broad interpretation of 'good cause.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009). "Good cause" under Rhines is a lesser standard than "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). In Blake v. Baker, the Ninth Circuit held that ineffective assistance of post-conviction counsel may constitute good cause under Rhines. Blake, 745 F.3d 977, 983 (9th Cir. 2014). Nevertheless, bald assertions, without more, are not sufficient. Id. at 982. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. On the other hand, "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id. Here, petitioner has offered both a reasonable excuse and evidentiary support for that excuse.

Petitioner's theory of post-conviction ineffectiveness is that state counsel had access to the same social history, medical records, and school records as did federal habeas counsel, which plainly indicate the existence of an Atkins claim, but that state counsel nonetheless failed to identify, develop and present the claim that petitioner is intellectually disabled and therefore may not be subject to the death penalty. ECF No. 49 at 6. The failure to identify, develop and present a potentially meritorious claim constitutes ineffective assistance of counsel and supports good cause under Rhines. See Riner v. Crawford, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (collecting cases). Respondent counters that state habeas counsel did in fact "fairly present" an Atkins claim, and therefore cannot be deemed ineffective. ECF No. 52 at 4. However, as petitioner accurately points out, state counsel asserted that petitioner's functioning was *equivalent* to that of someone with intellectual disabilities; they failed to take the crucial next step of establishing that petitioner was *in fact* intellectually disabled. ECF No. 49 at 6 & n. 1. That is a distinction that makes all the difference, because actual intellectual disability (or, in the outdated

language used by the Atkins court, mental retardation[1]) marks the constitutional line that divides eligibility for capital punishment from categorical ineligibility. Atkins, 536 U.S. at 321.

Furthermore, respondent's argument that state counsel "fairly presented" an Atkins claim is inconsistent with his position that the Atkins claim in the federal petition should be dismissed as unexhausted. "Fair presentation" is the essence of exhaustion. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Respondent attempts to reconcile these facially inconsistent positions by explaining that the federal claim is unexhausted not because its legal basis was previously unpresented, but because its evidentiary basis has been so expanded that the claim has been "substantially transform[ed]." ECF No. 52 at 4. The court is unpersuaded. The state habeas petition did not affirmatively claim that petitioner was a member of the class deemed ineligible for execution by Atkins. Rather, the state petition alleged that petitioner's functioning was "on par with mental retardation." See ECF 30-26 (Amended Petition for Writ of Habeas Corpus, In Re Leonard, California Supreme Court Case No. S153974) at 112-13. The state petition thus sought the extension of Atkins to someone who was not alleged to be mentally retarded.[2] This does not constitute fair presentation of a claim that petitioner's execution is directly prohibited by Atkins on the ground of his actual intellectual disability.

The question then becomes whether it was unreasonable of state habeas counsel not to further investigate, develop, and present evidence that would bring petitioner within the core of Atkins. Numerous district courts applying Blake have recognized the necessity of evidentiary

---

[1] The Supreme Court has recognized the change in terminology since Atkins, and stated that it would use the term "intellectual disability" to describe the condition previously referred to as "mental retardation." Hall v. Florida, 572 U.S. 701, 704 (2014).

[2] Respondent contends that counsel presented an Atkins claim in effect, by arguing that petitioner had presented a "prima facie case" under Atkins. ECF No. 52 at 4 (citing ECF No. 31-18 at 63). There are several problems with this argument. First, state counsel's rhetorical reference to a prima facie case was made in the context of petitioner's *equivalence* to persons directly protected by Atkins. To the extent the statement reflects state counsel's understanding that a direct Atkins claim was available, that fact supports petitioner's present claim of ineffectiveness. Moreover, California law at the time expressly provided that a prima facie case existed only where the petition included a declaration by a qualified expert stating the opinion that the petitioner "is mentally retarded." In re Hawthorne, 35 Cal. 4th 40, 17 (2005). No such declaration was obtained by state habeas counsel.

5

support for an assertion that ineffective assistance of counsel justifies a Rhines stay.³ Good cause has been found where the petitioner offered some form of documentary evidence to support his or her allegations of ineffective assistance of counsel. E.g., Blake, 745 F.3d at 983 (good cause existed where petitioner offered extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his counsel, and over a dozen declarations from his family and friends describing his childhood conditions and petitioner explained how that evidence showed good cause); Cruz v. Mitchell, No. 13-cv-02792-JST, 2015 U.S. Dist. LEXIS 412, at *8 (N.D. Cal. Jan. 5, 2015) (petitioner met good cause requirement by supporting his argument with juror questionnaires, declarations from prior counsel, and trial transcripts); Bell v. Davis, No. 17-cv-1051 WQH (JLB), 2018 U.S. Dist. LEXIS 188238, at *15-18 (S.D. Cal. Nov. 1, 2018) (petitioner met good cause requirement by submitting a declaration of state habeas counsel explaining their errors to support his argument of ineffective assistance of counsel).

In this case, although petitioner did not attach his evidence of good cause to the motion for a stay, he has directed the court to evidence submitted with the federal petition that was equally available to state habeas counsel and which plainly indicates the existence of an Atkins claim. See ECF No. 49 (Motion to Stay) at 6; ECF No. 44 (First Amended Petition) at 269-72. This evidence includes school records, medical records, jail psychiatric records, and social security

---

³ E.g., 2 v. Sherman, No. 2:14-cv-1766 CKD, 2014 U.S. Dist. LEXIS 125376, at *7-8 (E.D. Cal. Sept. 8, 2014) (denying motion to stay because petitioner supplied no evidence in support of his argument that appellate counsel was ineffective in raising certain claims); Nogueda v. California, No. 2:14-cv-1045 GGH, 2014 U.S. Dist. LEXIS 150809, at *5 (E.D. Cal. Oct. 23, 2014) (finding petitioner did not qualify for a stay under Rhines because he "failed to support the request to stay certain ineffective assistance claims, as required in Blake (i.e., there [was] no documentation—as opposed to oral assertions—showing he discussed these claims with trial and/or appellate counsel and was ignored)"); Sadowski v. Grounds, No. CV 12-10623-PSG, 2019 U.S. Dist. LEXIS 16680, at *14 (C.D. Cal. Feb. 1, 2019) (no good cause where petitioner neither pointed to any specific evidence to support his argument nor explained how such evidence established good cause); Rossier v. Cavazos, No. CV 11-2778-R, 2012 U.S. Dist. LEXIS 61008, at *17 (C.D. Cal. Mar. 20, 2012) ("[T]o accept petitioner's conclusory and unsupported assertion of ineffective assistance of appellate counsel as good cause . . . would render stay-and-abey orders routine, as virtually every habeas petitioner could argue that they received ineffective assistance of appellate counsel in order to obtain a stay.").

records, all pre-dating the state petition. Id. at 269-70. This evidence is cited in the federal petition as support for Claim 10, which alleges ineffective assistance of trial counsel ("IAC"), but it is equally relevant to the post-conviction ineffectiveness alleged here to establish good cause under Rhines. Indeed, state habeas counsel presented this evidence to the state court in the context of trial IAC, so it was indisputably known to them. And federal counsel have also presented this court with an expert opinion concluding that this evidence directly supports a finding that petitioner was not merely "Atkins-equivalent," but an intellectually disabled person directly protected by Atkins' bar on the execution of the mentally retarded. See ECF No. 41-15 (Declaration of Daniel Reschly, Ph.D.) at 114-17 (Appendix of materials reviewed); see also ECF No. 41-13 (Declaration of Kevin McGrew, Ph.D.) at 51-52 (Appendix of materials reviewed); ECF No. 41-14 (Declaration of James Patton, Ed.D ) at 44-47 (Appendix of materials reviewed). The opinions of these experts constitute evidence that could have been, but was not, developed and presented in state court by state habeas counsel.

Petitioner has also submitted a declaration from a member of his state habeas team conceding that she failed to present a bona fide Atkins claim in state court. ECF No. 54 at 7. Specifically, counsel admitted she "should have retained experts who had a more thorough grounding in [intellectual disability] . . . [and] if [she] had done so, [she] would have been able to support a claim that [petitioner] was in fact [intellectually disabled]." Id. at 9. She acknowledges she was aware of the need to offer a declaration by a qualified expert indicating that petitioner was in fact intellectually disabled, and concedes that she "did not include such a declaration." Id. at 7. This is strong evidence of petitioner's good cause. Cruz, 2015 U.S. Dist. LEXIS 412, at *8 (finding good cause where petitioner supported his argument with declarations from prior counsel); Bell, 2018 U.S. Dist. LEXIS 188238, at *15-16 (finding good cause where petitioner submitted a declaration from state habeas counsel explaining their errors).

California law at the time of the first state habeas petition expressly provided that a prima facie case under Atkins required a declaration from a qualified expert stating the opinion that the petitioner "is mentally retarded." In re Hawthorne, 35 Cal. 4th 40, 17 (2005). State habeas counsel's admitted failure to obtain such a declaration therefore constitutes ineffective

representation, and would establish good cause under Rhines even if the court assumed as respondent urges that an Atkins claim had been "fairly presented" in 2007 and that the present federal claim is unexhausted only in the sense that it has been expanded by additional evidence. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986) (presentation of supplemental evidence in federal court has no effect on claim's status as previously exhausted unless that evidence "fundamentally alter[s] the legal claim already considered by the state courts.").

As in Blake, supra, petitioner's excuse for failing to exhaust is both specific and supported by evidence. Accordingly, the court concludes that petitioner has demonstrated good cause for his previous failure to exhaust.

### 2. The Claim Is Not "Plainly Meritless"

The merit inquiry under Rhines turns on whether the petitioner has presented a colorable claim, not whether he is likely to prevail. See Gonzalez v. Wong, 667 F.3d 965, 980 (9th Cir. 2011). This standard is satisfied where the claim is not "plainly meritless." Dixon, 847 F.3d at 720. The Ninth Circuit has stated that a habeas claim is not "plainly meritless" "unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Dixon, 847 F.3d at 722 (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

Claim 9 seeks the benefit of a clearly established rule that unequivocally prohibits capital punishment if petitioner is determined to be intellectually disabled. See Atkins, 536 U.S. at 319-20; Hall v. Florida, 572 U.S. 701, 708 (2014); Moore v. Texas, 137 S. Ct. 1039, 1048 (2017). The allegations of Claim 9, if true, would indisputably entitle petitioner to relief. See, e.g., Smith v. Ryan, 813 F.3d 1175, 1202 (9th Cir. 2016) (reversing the petitioner's death sentence after finding he was intellectually disabled under Atkins and therefore ineligible for execution).

The allegation of intellectual disability is supported by the declaration of Dr. Daniel Reschly, who expressly opines that petitioner "is a person with Intellectual Disability." ECF No. 41-15 at 2, ¶ 1. The claim is further supported by the declarations of three additional mental health experts: Dr. Stephen Greenspan (ECF No. 41-12); Dr. Kevin McGrew (ECF No. 41-13); and Dr. James Patton (ECF No. 41-14). Although Dr. Reschly is the only one of the four experts to offer an opinion on the ultimate diagnostic question under Atkins, all four experts provide

substantial support for the claim.[4]  It cannot reasonably be argued on this record that Claim 9 is "plainly meritless," and respondent does not so argue.

This court has, on multiple occasions, stayed unexhausted Atkins claims out of respect for the underlying policies set forth by the Supreme Court.  See, e.g., Espinoza v. Warden, San Quentin State Prison, No. 2:94-cv-1665 JAM DB DP, 2018 U.S. Dist. LEXIS 104317, at *6-9 (E.D. Cal. June 21, 2018) (recommending granting stay to permit exhaustion of petitioner's Atkins claim, which was based on new evidence to support petitioner's claim of intellectual disability), adopted in full, Nov. 9, 2018; Ray v. Ayers, No. 1:96-cv-6252-AWI DP, 2006 U.S. Dist. LEXIS 53962, at *7-8, 13 (E.D. Cal. July 20, 2006) (granting stay to permit petitioner to exhaust his Atkins claim in state court); Avila v. Chappell, No. 1:11-cv-1196 AWI DP, 2012 U.S. Dist. LEXIS 127888, at *8 (E.D. Cal. Sept. 7, 2012) (granting Rhines stay to permit exhaustion of petitioner's Atkins claim).  Here as in those cases, the presence of a non-frivolous Atkins claim satisfies the merit prong of Rhines.

### 3. Petitioner Did Not Engage in Intentionally Dilatory Conduct

A petitioner seeking stay and abeyance must show he has not been intentionally dilatory in pursuing litigation.  Rhines, 544 U.S. at 277-78.  Here, petitioner denies engaging in any intentionally dilatory litigation tactics prior to filing his federal petition, ECF No. 49 at 7-8, and respondent does not contend otherwise.  The record supports petitioner's position.  He signed his request for appointment of federal habeas counsel within one month after his state habeas petition was denied, and his federal habeas petition was timely filed.  Id. at 7.  Petitioner brought this claim reasonably promptly upon conclusion of his state habeas petition and did not delay prior to filing his federal petition.

Though petitioner has not yet filed his Atkins claim in the California Supreme Court, this delay in initiating the exhaustion process cannot be considered dilatory.  Quite to the contrary, as petitioner explains, "[i]t is reasonable to wait to return to state court until respondent has made his position of exhaustion known and this court identifies which claims are exhausted and which are

---

[4] For example, Dr. McGrew focuses on petitioner's IQ scores and Dr. Patton focuses on petitioner's adaptive deficits.  Both are essential issues in assessing intellectual disability.

9

unexhausted." Id. at 8 (citing Bunyard v. Davis, No. 2:15-cv-1790 WBS AC DP, 2018 U.S. Dist. LEXIS 198090, at *12-13 (E.D. Cal. Nov. 20, 2018), adopted as modified by Bunyard v. Davis, 2019 U.S. Dist. LEXIS 2736 (E.D. Cal. Jan. 7, 2019); Kennedy v. Warden, No. 2:13-cv-2041 KJM KJN DP, 2015 U.S. Dist. LEXIS 145777, at *13-14 (E.D. Cal. Oct. 27, 2015), adopted by Kennedy v. Warden, 2016 U.S. Dist. LEXIS 52439 (E.D. Cal. Apr. 19, 2016)).

California's law of habeas procedure, like federal habeas law, disfavors where it does not outright ban the piecemeal submission of claims. See In re Clark, 5 Cal. 4th 750 (1993). Accordingly, it was incumbent upon petitioner to not submit an exhaustion petition until he learned which claims required further exhaustion in respondent's view, and until the federal court had an opportunity to weigh in on that question. The once-common prophylactic tactic of submitting the entire federal habeas petition to the California Supreme Court at the time of federal filing may have had the advantage of generating a prompt filing date for the exhaustion petition, but the California Supreme Court has long since put an end to the practice. See In re Reno, 55 Cal. 4th 428, 443 (2012) (presentation in state court of exhaustion petition identical to the "mixed" federal petition constitutes abuse of the writ). Accordingly, federal habeas counsel cannot be faulted for failing to take that route.

Given the conflicting demands of state and federal practice, petitioner's "delay" in filing an exhaustion petition cannot be construed as dilatory. Because nothing in the record suggests that petitioner engaged in "intentionally dilatory litigation tactics," either prior to or after filing the federal petition, the third prong of Rhines is satisfied.

B. Stay and Abeyance is Appropriate

The court need not determine whether a Rhines stay is appropriate as to each of the unexhausted state claims. "One claim requiring a stay acts as an umbrella for all claims." Horning v. Martel, No. 2:10-cv-1932 JAM GGH DP, 2011 U.S. Dist. LEXIS 136725, at *7 (E.D. Cal. Nov. 28, 2011), adopted in full, 2012 U.S. Dist. LEXIS 6282 (Jan. 19, 2012). Because petitioner has satisfied Rhines as to Claim 9, the instant proceeding should be stayed and held in abeyance until an exhaustion petition is filed and the California Supreme Court has acted on the petition.

This result is consistent with that in several other capital habeas cases now pending in this district, in which Rhines stays have been granted to permit exhaustion of Atkins claims. See, e.g., Espinoza v. Warden, San Quentin State Prison, No. 2:94-cv-1665 JAM DB DP, 2018 U.S. Dist. LEXIS 104317, at *6-9 (E.D. Cal. June 21, 2018), adopted in full, Nov. 9, 2018; Avila v. Chappell, No. 1:11-cv-1196 AWI DP, 2012 U.S. Dist. LEXIS 127888, at *8 (E.D. Cal. Sept. 7, 2012); Ray v. Ayers, No. 1:96-cv-6252-AWI DP, 2006 U.S. Dist. LEXIS 53962, at *7-8, 13 (E.D. Cal. July 20, 2006). The result is also consistent with capital habeas cases in which stays have been granted to permit the exhaustion of other claims that were previously unexhausted due to the ineffective assistance of prior counsel. See, e.g., Bunyard, 2018 U.S. Dist. LEXIS 198090; Horning, 2011 U.S. Dist. LEXIS 136725; Whalen v. Warden, Cal. State Prison, No. 1:14-cv-1865 LJO SAB DP, 2016 U.S. Dist. LEXIS 52495 (E.D. Cal. Apr. 19, 2016) (finding good cause based on ineffective assistance of counsel and arguments that claims were potentially meritorious); Kennedy, 2015 U.S. Dist. LEXIS 145777 (finding good cause based on ineffective assistance of counsel and that it was reasonable for petitioner to wait until unexhausted claims were identified by federal court before filing state exhaustion petition); Clark v. Chappell, No. 1:12:cv-0803 LJO DP, 2013 U.S. Dist. LEXIS 119685 (E.D. Cal. Aug. 22, 2013) (finding good cause based on ineffective assistance of counsel).

V. Respondent's Motion to Dismiss

Because a stay pending exhaustion is appropriate for the reasons explained above, respondent's motion to dismiss on exhaustion grounds should be denied as moot. There is no reason for this court to expend the judicial resources necessary to address all of respondent's non-exhaustion arguments. Petitioner is prepared to file a petition in the California Supreme Court that includes all claims respondent contends are unexhausted; all claims in the federal petition will be fully exhausted at the conclusion of the state court's review.

CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay and abeyance (ECF No. 49) be GRANTED, and that respondent's motion to dismiss (ECF No. 51) be DENIED as moot.

2. In the event these findings and recommendations are adopted and the motion to stay is granted, petitioner be ordered to file his state exhaustion petition no later than forty-five (45) days after the filing of this court's order.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE